# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | | |
|---|---|---|
| BRIAN W. CORNWELL | § | |
| Claimant | § | |
| v. | § | CASE # |
| COMMONWEALTH OF MASSACHUSETTS | § | |
| PLYMOUTH DISTRICT COURT | § | |
| PLYMOUTH COUNTY | § | |
| TOWN OF PLYMOUTH | § | |
| STEPHEN POWERS | § | Claim for Trespass |
| KEVIN J MANUEL | § | Claim for Trespass On the Case |
| KENNETH J MASTERSON | § | |
| DENNIS J REIMER | § | |
| GEORGE E DRISCOLL III | § | |
| DAVID MCGRATH | § | |
| JASON HIGGINS | § | |
| MCCARTHY'S TOWING | § | |
| TIMOTHY J. CRUZ | § | |
| E. RUSSELL EONAS | § | |
| LUCY CANAVAN | § | |
| R. TAVARES | § | |
| MARY SIMONSON | § | |
| JOHN D. FITZSIMMONS | § | |
| RODNEY C. SCHONLAND | § | |
| KRISTEN T. FREEMAN | § | |
| J. SULLIVAN | | |
| Defendants | § | |

## FIRST CAUSE OF ACTION – TRESPASS

PARTIES

1. Comes now, Brian W. Cornwell, ("Cornwell") a people of Massachusetts, hereinafter claimant, in this court of record and complains of each of the following: Commonwealth
Actions for Trespass,                  **Brian W. Cornwell**                           Page 1 of 15
Actions for Trespass on the Case                   v.
                                        **Commonwealth of**
                                        **Massachusetts et. al.**

of Massachusetts, a corporation; Plymouth District Court, ("inferior court"); County of Plymouth, a corporation; Town of Plymouth, a corporation; Stephen Powers, ("Powers"); Kevin J. Manuel, ("Manuel"); Kenneth J. Masterson, ("Masterson"); Dennis J. Reimer, ("Reimer"); George E. Driscoll III, ("Driscoll"); David McGrath, ("McGrath"); Jason Higgins, ("Higgins"); McCarthy's Towing, ("McCarthy's"); Timothy J. Cruz, ("Cruz"); E. Russell Eonas, ("Eonas"); Lucy Canavan, ("Canavan"); R. Tavares, ("Tavares"); Mary Simonson, ("Simonson"); John D. Fitzsimmons, ("Fitzsimmons"); Rodney C. Schonland, ("Schonland"); Kristen T. Freeman, ("Freeman"); J. Sullivan ("Sullivan") hereinafter "defendants" and "kidnappers" who are each summoned to answer said action in a plea of trespass and trespass on the case to wit:

## INTRODUCTION

2. Each defendant exceeded his jurisdiction[1] under color of law by either directly, or through an agent, or in concert with another, did cause claimant to be unlawfully and forcefully carried away and imprisoned[2] against his will, without jurisdiction or good cause.

3. From the moment he was taken away, claimant Cornwell, under color of law, has been

---

1 Basso v. Utah Power & Light Co., 495 F 2d 906, 910; Joyce v. US, 474 F2d 215; Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962); Rosemond v. Lambert, 469 F2d 416; Latana v. Hopper, 102 F. 2d 188; Melo v. United States, 505 F. 2d 1026 Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608; Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328, 340, 7L.Ed. 164 (1828) Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409
2 Imprison: To confine a person or restrain his liberty in any way. Black's Law Dictionary, 5th Edition Imprisonment: ...it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Black's Law Dictionary, 5thEdition

Actions for Trespass,                **Brian W. Cornwell**                Page 2 of 15
Actions for Trespass on the Case                v.
                                                **Commonwealth of**
                                                **Massachusetts et. al.**

kept in actual or constructive imprisonment.

4. As documented herein, defendants worked in unison to hinder the free right of locomotion of claimant Cornwell under color of law.

5. As documented herein, each defendant worked in unison to hinder the free right of travel of claimant Cornwell under color of law.

6. As documented herein defendants conspired and used their positions in government to block claimant's due process of law.

7. The law of the case is decreed in Exhibit I, Law of the Case.

8. Claimant is not a U.S. citizen, U.S. person, corporation, but is a people[3] of Massachusetts and The United States of America.

## SPECIFICS

9. At all times mentioned in this action, each defendant is the agent of the other, and in doing the act alleged in this action, each is acting in course and scope of said agency. The following paragraphs describe what the defendants, under color of law, either acted or failed to act as obligated.

10. Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to effect the unlawful loss of liberty of claimant

---

3   See Exhibit I.6 and I.7.

Actions for Trespass,					Brian W. Cornwell					Page 3 of 15
Actions for Trespass on the Case					v.
					Commonwealth of
					Massachusetts et. al.

Cornwell.

11. Each defendant acted in such a way, or failed to act in such a way, that claimant has been deprived of his liberty, reputation, and right of free locomotion.

12. Claimant was traveling on a public roadway on June 17th, 2015 at approximately 1:00 AM when defendant Powers, admitted in his report[4], forced claimant Cornwell to pull from the public roadway.

13. Defendant Powers claimed that the reason he stopped claimant Cornwell was because claimant appeared to be intoxicated which he determined during a conversation he had with claimant prior to claimant entering his private automobile and driving away although claimant Powers is not a medical doctor.

14. The corporation may not hinder the right of free locomotion[5] at any time due to the lack of permission from said corporation as it is in excess of said corporation's jurisdiction.

15. Defendants repeatedly referred to claimants private conveyance as a "vehicle"[6] to further the scam defendants were attempting on a people not subject to defendants' jurisdiction. Claimant is not a "driver" who operates a "motor vehicle"[7].

---

4 Exhibit A.4 Plymouth Police Department / Incident Report #20150000013787.
5 *Bank of United States v. Planters' Bank of Georgia,* 22 U.S. 9 Wheat. 904 904 (1824)
6 See exhibits A, B and C.
7 18 U.S. Code § 31 – Definitions (a) (6) **Motor vehicle.**— The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo.

Actions for Trespass,                      **Brian W. Cornwell**                       Page 4 of 15
Actions for Trespass on the Case                    v.
                                        **Commonwealth of**
                                        **Massachusetts et. al.**

16. Defendant Powers under color of law while armed with a weapon detained claimant imprisoning him from that moment to the present.

17. Claimant Cornwell did not consent to defendant's jurisdiction by refusing to sign documents[8] presented to claimant wherein claimant had to consent to be a "defendant" by either signing his name on a horizontal line beside the terms "Defendant's Signature" or another wherein he would have labeled himself "prisoner".

18. Claimant is not a defendant nor a prisoner although he had unlawfully been imprisoned.

19. Defendant Powers repeatedly referred to claimant's private automobile as a vehicle[9]. Claimant does not use his automobile for "commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo."

20. Defendant Powers then directed claimant to exit his private automobile to stand behind defendant Powers' "cruiser" to conduct "field sobriety testing".

21. When claimant became agitated because his free right of travel was impaired by defendant, defendant Powers commenced the imprisonment, taking claimant to the police headquarters.

22. As is confirmed by Exhibit E and F, claimant both refused to consent to defendants'

---

8 Exhibit E, Exhibit F
9 18 U.S. Code § 31 – Definitions (a) (6) **Motor vehicle.**— The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo.

Actions for Trespass,                    **Brian W. Cornwell**                    Page 5 of 15
Actions for Trespass on the Case              v.
                                    **Commonwealth of
                                    Massachusetts et. al.**

jurisdiction and contract with defendants.

## SECOND CAUSE OF ACTION – TRESPASS

23. Paragraphs 1 through 22 are incorporated as though fully stated herein.

24. While defendant Powers transported claimant to jail, defendant McGrath waited with claimant's private automobile to assist with the theft of claimants chose.

25. The private automobile has an identifying number known as a "vehicle identification number" which is VIN# 2G4WF5511Y1310743, although it is not a vehicle[10].

26. Defendant McCarthy then arrived and stole claimant's private automobile.

27. Documents[11] were later submitted filing a claim against claimant's private automobile, a chose, as though the inanimate object was a person[12] with legal substance, in an effort to complete the theft of the claimant's chose.

## THIRD CAUSE OF ACTION – TRESPASS

28. Paragraphs 1 through 27 are incorporated as though fully stated herein.

29. Claimant was kept in actual imprisonment for 8 days until his release when claimant's mother provided a check through defendant Schonland to be used as bail for claimant's release from actual imprisonment.

---

10 See Exhibit 3
11 See Exhibit G
12 See Exhibit I.6 and I.7

Actions for Trespass,            Brian W. Cornwell            Page 6 of 15
Actions for Trespass on the Case           v.
                                 Commonwealth of
                                 Massachusetts et. al.

30. Although defendant Schonland was to represent claimant in said case, defendant Schonland at no time revealed to claimant that defendants had no jurisdiction over claimant without his expressed individual consent as is required in a republic wherein the people are sovereign. Defendant Schonland also claimed to be an attorney at "law".

## FORTH CAUSE OF ACTION – TRESPASS ON THE CASE

31. Paragraphs 1 through 30 are included as though stated fully herein.

32. On or about the morning of June 17th, 2015, claimant was taken by force to stand before a magistrate to enter a "plea" to consent to the jurisdiction of the court. It is well established in law the purpose of entering a plea at arraignment is to get the consent of a people charged for violating a code[13], since the Constitution for the United States of America guarantees the common law and the people's consent must be obtained for any inferior court or judge presiding over said inferior court to proceed against the people so charged.

33. Claimant was not permitted to speak at said hearing and the magistrate, without obtaining the consent of claimant to its jurisdiction of the code which claimant was

---

13 WHEREAS A 'Statute' is not a "Law," (Flournoy v. First Nat. Bank of Shreveport, 197 La. 1067, 3 So.2d 244, 248), nor is 'Code' "Law" (In Re Self v Rhay, 61 Wn 2d 261), in point of fact in Law, a concurrent or 'joint resolution' of legislature is not "Law," (Koenig v. Flynn, 258 N.Y. 292, 179 N.E. 705, 707; Ward v. State, 176 Okl. 368, 56 P.2d 136, 137; State ex rel. Todd v. Yelle, 7 Wash.2d 443, 110 P.2d 162, 165), as "All codes, rules, and regulations are for government authorities only, not human/Creators in accordance with God's laws. All codes, rules, and regulations are unconstitutional and lacking due process..." (Rodriques v. Ray Donavan, U.S. Department of Labor, 769 F. 2d 1344, 1348 (1985)); lacking Due process in that they are void for ambiguity in their failure to specify their applicability to 'natural persons,' depriving the same of fair notice, identifying only corporate persons rather, officers, agents, representatives, subdivisions, and property of government. "The common law is the real law, the Supreme Law of the land, the code, rules, regulations, policy and statutes are "not the law." (Self v. Rhay, 61 Wn 2d 261)

being charged for violating, submitted a plea of "not guilty", although no such plea had been submitted by the claimant as is required by Criminal Procedure Rule 7: (b)(1)(B)[14].

## FIFTH CAUSE OF ACTION – TRESPASS ON THE CASE

34. Paragraphs 1 through 33 are incorporated as though fully stated herein.

35. Defendants stated in an official document that two of the defendants were listed as victims[15].

36. Defendants had no authority to detain or imprison claimant as no crime had been committed. "For a crime to exist there must be an injured party. There can be no sanction or penalty imposed upon one because of his exercise of his constitutional rights."[16]

37. Claimant making contact in any manner with any person not authorized to detain claimant does not constitute assault or battery.

## SIXTH CAUSE OF ACTION – TRESPASS

38. Paragraphs 1 through 37 are incorporated as though fully stated herein.

39. On or about July 17th, 2015 claimant reported to a scheduled court appointment, as directed under color of law.

---

14 **(B)** enter the defendant's plea to the charges;
15 Exhibit A – Incident Report
16 Sherar v. Cullen, 486 F. 945

Actions for Trespass,   **Brian W. Cornwell**   Page 8 of 15
Actions for Trespass on the Case   v.
**Commonwealth of Massachusetts et. al.**

40. While at said hearing, he was again imprisoned although he had not consented to the jurisdiction of any of the defendants or the code he was accused of violating.

41. The claimant was held in actual imprisoned for 90 days although he had not consented to defendants jurisdiction nor had claimant committed a crime.

## SEVENTH CAUSE OF ACTION – TRESPASS ON THE CASE

42. Paragraphs 1 through 41 are incorporated as those fully stated herein.

43. As a result of defendants unlawful imprisonment, claimant lost a business known globally as Buzzard's Bass Guitar Shop as well as his website, buzzardsbass.com, through which claimant earned his livelihood.

44. Claimant has suffered irreparable damage due to defendants' infringement of claimant's right of free locomotion that eventually cost claimant the loss of claimant's business.

## EIGHTH CAUSE OF ACTION – TRESPASS

45. Paragraphs 1 through 44 are incorporated as those fully stated herein.

46. Defendants used their positions in government under color of law to obstruct claimant's due process of law, by removing documents from an official court file, refusing to provide certified copies of said documents, and claiming the counterclaim had been dismissed with no order from the court.

Actions for Trespass,
Actions for Trespass on the Case

Brian W. Cornwell
v.
Commonwealth of
Massachusetts et. al.

Page 9 of 15

47. Defendant Grimley removed claimant's counterclaim filed in to the Plymouth District Court claiming it had been "dismissed" and mailed a letter to claimant stating that claimant's "counterclaim has been DISMISSED as "procedurally invalid" by Judge Sullivan." No order from a court was included with the letter and no case number was ever provided to claimant. Removal of a document from a court record is in direct violation of 18 USC § 2071, a crime punishable up to 3 years in prison.

48. As a result of said removal of the document and obstruction of claimant's due process of law, claimant has been held in actual imprisonment by defendants although he has never consented to defendants' inferior court's jurisdiction and defendants have never proven jurisdiction on the record as require by law.

## NINTH CAUSE OF ACTION – TRESPASS

49. Paragraphs 1 through 48 are incorporated as those fully stated herein.

50. Defendants conspired to obstruct claimant's natural rights.

51. Defendants conspired to obstruct claimant's constitutional rights in direct violation of 18 USC 241, a crime punishable up to ten (10) years in prison and/or fine. Defendant participate in a joint effort to deprive claimant of his right to free travel and used methods of intimidation in an effort to prevent claimant from pursuing due process of law in said pursuit of his rights.

Actions for Trespass,
Actions for Trespass on the Case

Brian W. Cornwell
v.
Commonwealth of
Massachusetts et. al.

Page 10 of 15

52. Defendants deprived claimant of his rights under color of law by jointly removing his lawfully filed counterclaim against defendants in a court of record and interfered with due process of law in direct violation of 18 USC 242, a crime punishable up to ten (10) years in prison and/or fine. Defendants conspiracy included forcing the claimant into defendants jurisdiction although claimant denied consent from the first day of his imprisonment to the present.

53. Defendant Sullivan violated his oath of office[17] by usurping the authority of a court of record and refusing to uphold and defend the constitution of United States which guarantees the common law.

## REQUEST FOR RELIEF

54. For that cause of action therefore claimant brings his claim.

55. WHEREFORE, claimant requests relief and judgment against defendants as follows:

56. WHEREFORE, claimant prays judgment against defendants, and each of them, as follows:

---

17 Massachusetts General Laws – Chapter 221, Section 38 Section 38. Whoever is admitted as an attorney shall in open court take and subscribe the oaths to support the constitution of the United States and of the commonwealth; and the following oath of office shall be administered to and subscribed by him: I (repeat the name) solemnly swear that I will do no falsehood, nor consent to the doing of any in court; I will not wittingly or willingly promote or sue any false, groundless or unlawful suit, nor give aid or consent to the same; I will delay no man for lucre or malice; but I will conduct myself in the office of an attorney within the courts according to the best of my knowledge and discretion, and with all good fidelity as well to the courts as my clients. So help me God.

Actions for Trespass,　　　　　　　　**Brian W. Cornwell**　　　　　　　　Page 11 of 15
Actions for Trespass on the Case　　　　　　v.
　　　　　　　　　　　　　　　**Commonwealth of**
　　　　　　　　　　　　　　**Massachusetts et. al.**

57. For First Cause of Action $5,000.00.

58. For Second Cause of Action $6,500.00.

59. For Third Cause of Action $50,000.00 per day and rounded up to the nearest day the total time from the beginning of the actual imprisonment to the bail release date was 8 days for a total of $400,000.00 and the reimbursement of $1,500.00 extorted from the claimant for his temporary release from actual imprisonment.

60. For Fourth Cause of Action $5,000.00.

61. For Fifth Cause of Action, $500.00 per day through the day the issues before this court are settled from the day the claimant first had his rights infringed by defendants through the day that a judgment is filed on the record in this action.

62. For Sixth Cause of Action $50,000.00 per day of actual imprisonment of 90 days for a total of $4,500,000.00.

63. For Seventh Cause of Action, $500,000.00.

64. For Eight Cause of Action, $15,000.00.

65. For Ninth Cause of Action, $50,000.00 per day of actual imprisonment.

66. That the court enter a declaratory judgment ordering the Commonwealth of Massachusetts and all of its subdivisions, municipalities, counties, townships, or any

other agency subject to the Commonwealth of Massachusetts' jurisdiction are to update its records removing claimant Cornwell from its jurisdiction;

67. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

68. That the court enter a declaratory judgment that defendants actions were in excess of statutory jurisdiction, authority and short of statutory right;

69. That the court permanently enjoin defendants from interfering with plaintiffs lawful right of free travel;

70. That the court expunge all records regarding any so called "criminal" cases cited in the inferior court's case numbered 1559CR1448.

71. That the court grant claimant such other and further relief as the court deems proper;

72. For interest as allowed by law;

73. For cost of suit;

74. For excess cost associated with claimants travel after the theft of claimant's private automobile.

75. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Witness my seal this 17th day of May, 2016, Plymouth County, Massachusetts

SEAL

Brian W. Cornwell
c/o Michael Hamilton
9800 Cherry Hill Rd.
College Park, Maryland [20704]

**Please serve defendants.**

| | |
|---|---|
| **Commonweatlh of Massachusetts**<br>c/o The Honorable Maura Healy<br>One Ashburton Place, 20th Floor<br>Boston, MA 02108-1698 | **County of Plymouth**<br>44 Obery Street<br>Plymouth, MA 02360 |
| **Plymouth District Court**<br>52 Obery Street<br>Plymouth, MA 02360 | **Town of Plymouth**<br>11 Lincoln Street<br>Plymouth, MA 02360 |
| **Stephen Powers**<br>20 Long Pond Road<br>Plymouth, MA 02360 | **Kenneth Masterson**<br>20 Long Pond Road<br>Plymouth, MA 02360 |
| **Jason W. Higgins**<br>20 Long Pond Road<br>Plymouth, MA 02360 | **Kevin J. Manuel**<br>20 Long Pond Road<br>Plymouth, MA 02360 |
| **Dennis Reimer**<br>20 Long Pond Road<br>Plymouth, MA 02360 | **Dennis E. Driscoll III**<br>20 Long Pond Road<br>Plymouth, MA 02360 |
| **McCarthy's Towing**<br>38 Samoset | **David McGrath**<br>20 Long Pond Road |

Actions for Trespass,
Actions for Trespass on the Case

**Brian W. Cornwell**
v.
**Commonwealth of
Massachusetts et. al.**

Page 14 of 15

| | |
|---|---|
| Plymouth, MA 02360 | Plymouth, MA 02360 |
| **Timothy J. Cruz**<br>32 Belmont Street<br>Brockton, MA 02403 | **E. Russell Eonas**<br>32 Belmont Street<br>Brockton, MA 02403 |
| **R. Tavares**<br>20 Long Pond Road<br>Plymouth, MA 02360 | **Mary Simonson**<br>32 Belmont Street<br>Brockton, MA 02403 |
| **John D. Fitzsimmons**<br>52 Obery Street<br>Plymouth, MA 02360 | **Rodney C. Schonland**<br>9 Sever Street<br>Plymouth, MA 02360 |
| **Kristen T. Freeman**<br>32 Belmont Street<br>Brockton, MA 02403 | **J. Sullivan**<br>52 Obery Street<br>Plymouth, MA 02360 |

Actions for Trespass,　　　　　　　Brian W. Cornwell　　　　　　　Page 15 of 15
Actions for Trespass on the Case　　　　v.
　　　　　　　　　　　　　　　Commonwealth of
　　　　　　　　　　　　　　Massachusetts et. al.

# Notice and Affidavit of Brian W. Cornwell

Be it known to all that my seal below constitutes my signature on all documents signed or not signed in wet ink.

Sign and sealed this 5-7th day of May, in the year of our Lord 2016.

_____
Brian W. Cornwell

Place Seal Here